IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES EDWARD RAYMOND BOOS,

                     Plaintiff,

   v.

TOMAHAWK POLICE DEPT.,
LINCOLN COUNTY SHERIFF'S
DEPARTMENT, DEPUTY REMINGTON,
C.O. JASON, C.O. TIM, NUMEROUS
OTHER C.O.'S, POLICE OFFICERS AND
LAW ENFORCEMENT DEPTS.,
B. LEVINS, JORDAN OELKE, JOHN
DUPLAYEE, JACK SIRS, C.O. BECCA
KNOLM, LINCOLN COUNTY SHERIFF,
SHERIFF DEPT'S PERSONNEL, and
TOMAHAWK POLICE DEPT.,

                     Defendants.

OPINION and ORDER

22-cv-442-wmc[1]

---

Pro se plaintiff James Edward Raymond Boos is incarcerated at Oshkosh Correctional Institution. He alleges that defendants have violated "numerous State and Federal laws" beginning with the coverup of a hit-and-run accident in May 2020. Dkt. 7 at 2. Boos seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee as previously directed by the court. He has also filed three requests for an attorney. Dkt. 10, 13, 17.  Because Boos is a prisoner suing government officials, I must screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. When screening a pro se litigant's complaint, I construe

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011).

Boos filed a complaint, Dkt. 1, and two amended complaints, Dkt. 5, 7. His original complaint had not been served on defendants, so he had the right to amend his complaint under Federal Rule of Civil Procedure 15. I will screen his second amended complaint. Dkt. 7. I conclude that Boos's second amended complaint violates the Federal Rules of Civil Procedure, so I will dismiss his claims and give him a chance to file a new amended complaint that fixes the problems identified in this order.

## ALLEGATIONS OF FACT

Boos's amended complaint is short on factual detail, but I understand him to be alleging that defendants have violated federal and state law to cover up their "severe negligence and other illegal behavior" in the wake of a "fatal hit and run" accident in May 2020 that involved Boos. Dkt. 7 at 2. He claims that defendants: (1) failed to properly investigate the hit-and-run accident; (2) tampered with body and vehicle camera footage and legal documents addressed to the Federal Bureau of Investigation; (3) "attacked a handcuffed inmate"; (4) "altered legal correspondence between the Tomahawk Police Department" and Boos; (5) tampered with medical records; and (6) interfered with and denied Boos medical treatment at various hospitals and prisons. *Id.* at 2.

Boos asks that defendants be prosecuted and seeks monetary damages.

ANALYSIS

Boos brings this lawsuit under state and federal law and invokes various legal theories, including negligence, dereliction of duty, the use of excessive force, and the denial of medical care. I cannot allow Boos to proceed under any of these theories.

As an initial matter, Boos asks that defendants be criminally prosecuted. He is not entitled as a private citizen to such an order. *Del Marcell v. Brown Cnty. Corp.*, 680 F.3d 887, 901–02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

The fundamental problem with the amended complaint is that it presents a series of conclusory assertions that do not satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." The primary purpose of this rule is fair notice. Because claims for civil rights violations brought under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in constitutional violation, *see Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant that Boos wishes to sue in this case must be able to understand what they are each alleged to have done to violate his rights. But Boos does not explain what happened beyond alleging that he was involved and apparently injured in a hit-and-run accident in May 2020 and does not describe the role that any defendant played in the accident, or in any other alleged event. Boos's allegations are too conclusory and broad to provide any defendant notice of what he or she did to violate his rights, and I cannot conclude that he has stated a claim for relief.

3

Although Boos has failed to state a claim, I will give him a short time to submit an amended complaint. In drafting his amended complaint, Boos should remember to do the following:

- Focus his allegations on a single incident or a series of clearly related incidents. A plaintiff cannot bring unrelated claims against different defendants in a single lawsuit.

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional or state-law violation.

- Identify all of the individuals who he wishes to sue in the caption of the complaint. If he does not know the name of an individual defendant, he should identify the defendant as "John Doe" or "Jane Doe."

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

- Refrain from filing exhibits with his complaint. I will not consider information contained in attachments.

- Omit legal arguments other than explaining what types of claims he wishes to bring.

The amended complaint will act as a complete substitute for Boos's prior complaints, and this case will proceed on only the allegations made and claims presented in his new amended complaint. If Boos fails to respond to this order by the deadline below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

Because I am dismissing Boos's amended complaint, and Boos does not need an attorney to prepare a new amended complaint, I will deny his requests for a lawyer. If this case proceeds and Boos decides to renew his request, he should be aware that litigants in civil cases do not have a constitutional right to a lawyer, and I do not have the authority to appoint one to represent a pro se plaintiff in a civil matter. I can only assist in recruiting a lawyer who may

be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654,

656 (7th Cir. 2007) (en banc). To obtain court assistance, Boos will have to show that he has

made reasonable efforts on his own to find a lawyer to represent him and that his case is one

of the relatively few cases in which it appears that the legal and factual difficulty of the case

will exceed his ability to litigate it. *Pruitt*, 503 F.3d at 654–55; *Santiago v. Walls*, 599 F.3d 749,

760–61 (7th Cir. 2010).


ORDER

IT IS ORDERED that:

1. Plaintiff James Edward Raymond Boos's complaint is DISMISSED for its failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until December 30, 2022, to submit a new complaint that complies with Rule 8. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order.

3. Plaintiff's requests for a lawyer, Dkt. 10, 13, 17, are DENIED.

Entered November 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge